UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WYATT BOOTH,

        Plaintiff,                      Case Number: 2:20-10204
                                                              Honorable Arthur J. Tarnow

v.

MS. GEARY, ET AL.,

        Defendants.

                                       /

**OPINION AND ORDER OF PARTIAL DISMISSAL**

      This matter is before the Court on James Wyatt Booth's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Booth is incarcerated at the Parnall Correctional Facility in St. Louis, Michigan. He names five Michigan Department of Corrections' employees as defendants. Booth, who is proceeding *in forma pauperis*, alleges that defendants violated his rights under the Equal Protection Clause by treating him differently than other similarly-situated prisoners based upon his sexual orientation and his mental illness. He also alleges that defendants retaliated against him by transferring him to a different prison. The Court holds that Plaintiff fails to state a claim upon which relief may be granted against defendants Stevenson, Desco, Doe, and Christiansen. The Court dismisses Booth's claims against the defendants in their official capacities based upon Eleventh Amendment immunity. Booth's claims may proceed against defendant Geary in her personal capacity.

**I. Standard**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II. Factual Allegations**

Booth's complaint arises from his job working in the food services division while incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. Booth

states that he was employed in the food services division for over eighteen months and had a nearly blemish-free term of service  (Compl. at 5.)

From July 2019 through December 2019, Booth applied nine times for kitchen positions which would have been considered promotions.  (*Id.*)  He was denied all of these jobs and claims that the promotions were given to inmates with less seniority and no prior experience.  (*Id.*)  Booth alleges that defendant Geary, a food services supervisor, denied Booth's applications for promotion based upon his sexual orientation and his mental illness.  He further claims that defendant Stevenson, the food services director, was negligent in filing to ensure that defendant Geary was considering the proper criteria when making hiring and promotion decisions.

Booth filed a grievance complaining about defendant Geary's conduct.  Defendant Desco denied the Step I grievance.  (*Id.* at 4.)  Booth states that the facility transfer coordinator, defendant John Doe, then transferred Booth to a different facility in retaliation for filing a grievance.  (*Id.*)  Finally, Booth claims defendant Christiansen, warden of the facility, was negligent in failing to correct the situation after Booth wrote several letters to him.  (*Id.*)

Booth names defendants Geary and Stevenson in their professional and individual capacities.  He names defendants Desco, Christiansen, and John Doe, only in their professional capacities.  He seeks monetary and injunctive relief.

### III. Discussion

**A.  Defendants Stevenson and Christiansen**

Booth alleges that defendants Stevenson and Christiansen failed to properly supervise Geary to ensure she was following prison procedures.  He claims their negligence caused him significant mental anguish and physical and emotional distress.

The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."  *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ."  *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982).

Booth fails to allege that defendants Stevenson and Christiansen engaged in any "active unconstitutional behavior'" rather than a "'mere failure to act'" with respect to Geary's failure to promote Booth.  *Shehee*, 199 F.3d at 200 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).  He, therefore, fails to state a claim against them in this regard.

To the extent that Booth also alleges that Christiansen transferred him to a different facility in retaliation for his filing a grievance against Geary, he fails to state a claim.

Retaliation against a prisoner for engaging in protected conduct violates the First Amendment. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). A retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, i.e., the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Id.* at 394. The plaintiff bears the burden of proof on all three elements. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Booth fails to satisfy his burden. He does not allege that Christiansen ordered, coordinated, or was even aware of, the transfer. Nor does he present any supporting detail. Booth's speculation is insufficient to state a plausible retaliation claim under § 1983. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim.).

### B. Defendant Desco

Booth's allegations against defendant Desco concern his response to Booth's Step I grievance and Booth's subsequent transfer for a different prison. A prisoner has a First Amendment right to file a grievance against prison officials, but has no similar right to an

5

effective procedure or particular investigation of the allegations. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (affirming that inmate did not state a claim that deputy warden "had failed to properly investigate his grievance"). Booth's dissatisfaction with Desco's investigation fails to state a claim because there is "no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 Fed. App'x 427, 430 (6th Cir. 2003).

Booth further claims that Desco's failure to properly handle the grievance resulted in Booth's retaliatory transfer to a different facility. Booth does not allege that Desco arranged for or was aware of the transfer. He therefore fails to state a First Amendment claim against Desco.

### C.  Official Capacity Claims

Booth sues defendants Geary and Stevenson in their personal and official capacities, and defendants Desco, Christiansen and John Doe only in their official capacities. A suit against an MDOC employee in his or her official capacity is equivalent to a suit brought against the MDOC. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Id.* at 66. "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed

§ 1983. *Chaz Construction, LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012) (quotation omitted).

Booth's claims against defendants Geary and Stevenson in their official capacities will be dismissed. Desco, Christiansen, and Doe are named only in their official capacities. They are therefore subject to dismissal based upon Eleventh Amendment immunity.

## IV. Conclusion

For the reasons set forth, the Court dismisses defendants Stevenson, Desco, Christiansen, and Doe.

The Court dismisses Booth's claims against the defendants in their official capacities because they are entitled to Eleventh Amendment immunity.

Booth's claims may proceed against defendant Geary in her personal capacity only.

SO ORDERED.

> s/Arthur J. Tarnow
> ARTHUR J. TARNOW
> UNITED STATES DISTRICT JUDGE

Dated: June 1, 2020